Jocelyn Annette Johnson
5329 Clark Street
Lynwood, California 90262
(562) 502-0546
Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jocelyn Annette Johnson,<br>Plaintiff,<br>Vs.<br>County of Los Angeles, Entity, Sylvia D. Franco individual and official capacity and Maritza Cedeno individual and official capacity<br>Defendant. | Case No.: CV14—04407JLS(KK)<br>**First Amended Complaint For Civil Rights Violation And Injunctive and Declaratory Relief**<br>**Demand For Jury/Trial**<br>1. 42 U.S.C.§ 1983 Civil Rights Deprivation of Rights<br>2. U.S. Constitution Fourteenth Amendment<br>3. 42 U.S.C. § 12132.2 Title II ADA |

## Jurisdiction

1. This court has Jurisdiction under 28 U.S.C. §1331 Federal question, Jurisdiction arises Pursuant 42 U.S.C. §1983

## Venue

2. Venue is proper pursuant to 28 U.S.C. §1391 because the defendant's entity County of Los Angeles and local county employee and plaintiff reside in this district.

## Parties

3. Plaintiff Jocelyn Annette Johnson resides at 5329 Clark Street Lynwood, California 90262

4. Defendant Sylvia D. Franco- DPSS Employee (Business) 8130 S. Atlantic Ave. Cudahy, California 90201

5. Maritza Cedeno-DPSS Employee (Business) 8130 S. Atlantic Ave. Cudahy, California 90201

6. Entity County of Los Angeles

## Statement of facts

7. On April 20, 2012 I submitted a yearly redetermination application to the County of Los Angeles department of Public Social. For cash aid for Micha Beatrice Johnson, my granddaughter, and Cal fresh benefits, for both my granddaughter and myself as a disabled household member. I also inquired about Micha being eligible to receive AFDC foster care or Kin-Gap, because the Department of Children and Family Services said Micha was eligible. Ms. Franco alleged Micha was not eligible and would not allow me to apply.

8. During the redetermination period I questions MS. Franco why she did not apply the 50 percent disable household deductions, and she ask me how

did I get SSA disability and who gave it to me. I replied Congressman Mervyn Dymally. Ms. Franco responded and alleged well, we the county get to say who is disable or not and you appear to be able-bodied to me you need to get a job to be eligible for Calfresh benefits.

9. After the case was remanded back to DPSS, Ms. Martiza Cedeno sent Plaintiff Johnson a notice of action stating she would recalculated eligibility for Calfresh on or about July 3rd 2012. Plaintiff Johnson received a notice of action denying benefits. A few days later I contacted Ms. Cedeno by phone to question why Ms. Franco nor Ms. Cedeno was subtracting the total shelter cost according to CFR-2012-title7-vol4-sec 273.10 (H)(e)(1)(i)(I). In part household not subject to capped shelter expense shall have the full amount exceeding 50 percent of their net income subtracted. Ms. Cedeno alleged I had too much income and I would have to get rid of my spousal support payment to be eligible for Calfresh, I also contacted Ms. Franco about the same time and Ms. Franco alleged I did not qualify.

10. Plaintiff Jocelyn Johnson at no time requested a hearing to the Department of Health Care Services, the original hearing was with California Department of Social Services (hereafter CDSS) a decision was issue from CDSS, after remand I requested a rehearing it was denied. I tried to reappeal but was informed I must appeal to superior court, there could not be an administrative appeal to California Department of Health Care Services because there was never an original hearing.

## Claim I

(Violation of 42 U.S.C. § 1983) deprivation of rights

Against all defendants

11. Plaintiff incorporate and realleged each and every allegation contained in the preceding paragraphs 7-10 of this complaint.

12. Defendants County of Los Angeles, Sylvia D. Franco and Maritza Cedeno, are employees and agents, where acting under color of state law within the course and scope of their duties as employees at DPSS, are responsible for Plaintiff injuries under 42 U.S.C.§ 1983 because of its policies, practices, and/or customs or usage. Defendants deprive Plaintiff of the privilege of its services and programs.

## Claim II

(Violations of 42 U.S.C. § 1983) due process

Under the fourteenth Amendment

Against all defendants

13. Plaintiff incorporate and reallege each and every allegation contained in the, preceding paragraphs 7-12 of this complaints.

Plaintiff Jocelyn Johnson allege defendants actions described herein toward plaintiff denied her the guaranteed rights and protection of due process as required by the Fourteenth Amendment of the United State Constitution. Plaintiff allege that defendants' actions were knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of plaintiff.

1 Plaintiff has and will continue to sufferer financial harm physical pain, shame
2 humiliation, degradation, emotional stress and has been deprive of life, liberty
3 because defendants refusal to apply mmp § 63-502.36 see all county letter
4 February 22,2011 plaintiff opposition to dismiss Exhibit(A).

### Claim III
(Violations of 42 U.S.C. § 12132.2) Title of ADA
Against all defendants

14. Plaintiff incorporate and reallege each and every allegation contained in the preceding paragraphs 7-13.

Plaintiff is a qualified individual with a disability as defined U.S.C. 12131(2). In part an individual with a disability who, with or without reasonable modifications to rules policies, or practices meets the essential requirements for the receipt of services or the participation in program or activities. Plaintiff have been denied, excluded from the benefits of Calfresh Program as a result defendant's violation of ADA U.S.C. 12131.2.

Plaintiff disability are
1. Spinal cord injury cervical and lumbar
2. Cardiovascular
3. COPD
4. Traumatic brain injury
5. Knee injury

### Request for Relief

WHEREFORE, Plaintiff prays for judgment against defendant on all alleged claims.

1. A declaratory judgment declaring the acts of the defendants were in violation. Plaintiff's Constitutional rights, due process and Americans with Disabilities Act Civil Rights.
2. Injunction relief restraining defendants from further acts of discrimination or retaliation, and for defendants apply the appropriate deduction to household with disabled/ elderly member.
3. Monetary damages in the amount of 4,000,000 any such further equitable relief as the count may deem just a proper.
4. For reasonable attorney's fees.

### Demand for Jury Trial

15. Plaintiff's hereby request a jury trial on all issues in this complaint.

Dated: December 30, 2014

Jocelyn Annette Johnson

By: *Jocelyn annette Johnson*

Plaintiff is Pro Per